

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00165-CR
_____

GARY ANDERSON GILLIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas[1]
Trial Court No. 2017-1078-C2, Honorable Matt Johnson, Presiding

July 26, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Gary Anderson Gillis, was charged with the offense of assault family violence by occlusion,[2] enhanced by two prior felony convictions.[3]  Appellant pleaded not guilty and the case proceeded to a jury trial.  During the presentation of evidence,

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals.  See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] See TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (West 2019).

[3] See TEX. PENAL CODE ANN. § 12.42(d) (West 2019).

appellant, without any plea bargain agreement, changed his plea to guilty. He entered pleas of "true" to both enhancement allegations. He was subsequently convicted and sentenced to seventy-five years' imprisonment. Appellant timely filed his notice of appeal. In presenting this appeal, counsel has filed an *Anders*[4] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment.

In support of his motion to withdraw, counsel certifies that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. Counsel notified appellant by letter of his motion to withdraw; provided him a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a pro se response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support this appeal but, like counsel, we have

---

[4] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

found no such issues.  *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  After carefully reviewing the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Accordingly, we grant counsel's motion to withdraw[5] and affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.